EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Manuel A. Díaz Rivera<br><br>Recurrido<br><br>v.<br><br>Asociación de Empleado del Estado Libre Asociado de Puerto Rico (AEELA) y otros<br><br>Peticionaria | Certiorari<br><br>2022 TSPR 146<br><br>210 DPR ___ |

Número del Caso:  CC-2022-816

Fecha:  13 de diciembre de 2022

Tribunal de Apelaciones:

    Panel I

Abogado de la parte peticionaria:

    Lcdo. Antonio Adrover Robles

Materia:  Resolución del Tribunal con Voto Particular Disidente.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Manuel A. Díaz Rivera

      Recurrido

       v.              CC-2022-0816

Asociación de Empleados del Estado Libre Asociado de Puerto Rico (AEELA) y otros

      Peticionaria


RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de diciembre de 2022.

Atendida la *Urgente moción para que se tome conocimiento de la presentación de un recurso de certiorari y/o en auxilio de jurisdicción de conformidad con la Regla 28 de este honorable Tribunal* y petición de *certiorari* presentadas por la parte peticionaria, se provee No Ha Lugar a ambas.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez emite Voto Particular Disidente. El Juez Asociado señor Estrella Martínez disiente y emite las expresiones siguientes, a las que se une el Juez Asociado señor Colón Pérez:

> "Discrepo de la determinación que hoy toma este Tribunal. Ello por entender que el Tribunal de Apelaciones erró al, como primera sanción, eliminar los señalamientos de error relacionados con la transcripción de la prueba oral (TPO) esgrimidos por la Asociación de Empleados del Estado Libre Asociado (AEELA). Principalmente, en

vista de que a la AEELA nunca se le apercibió directa o indirectamente de que de no presentar la TPO se tomaría esa severa sanción. Así pues, considero que el foro apelativo intermedio se precipitó al tomar el curso de acción más lesivo sin antes poner en conocimiento a la AEELA de la tardanza en presentar la TPO por parte de su representación legal y apercibirle de las consecuencias que ello tendría sobre su apelación. Véase, *HRS Erase v. CMT*, 205 DPR 689, 703-708 (2020).

De igual forma, dicho curso de acción está reñido con el mandato dirigido al Tribunal de Apelaciones a los fines de que ese foro procure reducir al mínimo los recursos desestimados y provea oportunidades razonables para la corrección de defectos en los recursos. *Véase*, Art. 4.004 de la Ley de la Judicatura, 4 LPRA 24w, y las Reglas 2 y 12.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 2 y R. 12.1. Ello, pues indubitadamente la eliminación de esos señalamientos de error implica la desestimación de gran parte del recurso apelativo de la AEELA.

Habida cuenta de lo anterior, hubiese declarado **ha lugar** la *Urgente moción para que se tome conocimiento de la presentación de un recurso de certiorari y/o en auxilio de jurisdicción de conformidad con la Regla 28 de este Honorable Tribunal este Honorable Tribunal* y el recurso de *Certiorari* ante nuestra consideración."

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Manuel A. Díaz Rivera

    Recurrido

      v.                      CC-2022-0816

Asociación de Empleados del
Estado Libre Asociado de Puerto
Rico (AEELA) y otros

    Peticionaria

La Jueza Presidenta Oronoz Rodríguez emitió un Voto Particular Disidente

En San Juan, Puerto Rico, a 13 de diciembre de 2022.

Esta esta ocasión, una mayoría de este Tribunal evita pasar juicio sobre una acción desacertada e injusta **—y a mi entender, un abuso de discreción—** del Tribunal de Apelaciones. La discreción con la que contamos los jueces y las juezas para emitir nuestras determinaciones no es irrestricta. Debe utilizarse con mesura y, sobre todo, tomando en cuenta las diferentes circunstancias que atraviesan las partes en un pleito. De este modo, nuestro ejercicio discrecional será prudente y sin imponer cargas onerosas a las partes. Eso no fue lo que ocurrió aquí. A continuación, expongo los fundamentos que orientan mi postura.

**I**

De entrada, tengamos claro el trasfondo fáctico y

procesal que origina el recurso de referencia. Tras una demanda que se incoó en el 2014 contra la Asociación de Empleados del Estado Libre Asociado de Puerto Rico (AEELA), en julio de 2022 el Tribunal de Primera Instancia dictó Sentencia. Luego de un litigio de varios años, y del juicio en su fondo —que comprendió varios días de vista y múltiples testigos—, la sala sentenciadora emitió un dictamen desfavorable a la AEELA, declarándose con lugar la reclamación que se había presentado en su contra. Así las cosas, el 22 de julio de 2022 la AEELA presentó un recurso de apelación ante el Tribunal de Apelaciones, acompañado de una solicitud de autorización para presentar la transcripción de la prueba oral (TPO). **Pasado más de un mes, el 31 de agosto de 2022** el foro apelativo intermedio autorizó la presentación de la TPO y fijó como fecha límite el 23 de septiembre de 2022. Es decir, otorgó a la parte 23 días para preparar y presentar la transcripción del juicio.

Adviértanse varias cuestiones. Primero, en sus escritos ante el foro apelativo intermedio y ante nos, la representación legal de la AEELA ha descrito la labor ardua que ha representado compilar la TPO, pues el juicio constó de 6 días, más de 40 horas de vista y 12 testigos en total. Segundo, a mediados de septiembre del año en curso nuestro País sufrió el embate del Huracán Fiona, afectando definitivamente diversos aspectos de nuestra vida diaria. Ante ello, este Tribunal emitió la Resolución EM-2022-007, mediante la cual estableció para el **11 de octubre de 2022** la extensión de los términos

judiciales que vencían entre el 19 de septiembre de 2022 y el 10 de octubre de 2022.

Retomando el relato, el 11 de octubre de 2022 la AEELA le solicitó al Tribunal de Apelaciones una prórroga de 20 días para presentar la TPO. El día siguiente, el referido foro le concedió hasta el 28 de octubre de 2022. **Ni siquiera accedió a los 20 días solicitados**, pues el término concedido fue más corto. Más adelante, el 28 de octubre de 2022, la AEELA le peticionó al foro apelativo intermedio un término adicional de 5 días para finalmente completar la transcripción y así someterla. Aludió a que, a pesar de haber prácticamente culminado la preparación de la TPO, su representación legal sufrió un percance de salud que le impedía someterla oportunamente. Luego, el 16 de noviembre de 2022 el Tribunal de Apelaciones **denegó la petición de prórroga.** En consecuencia, **declinó la presentación de la TPO y dio por renunciados los señalamientos de error de AEELA sobre la apreciación de la prueba.** Ese foro razonó que previamente se le había concedido una prórroga y que el nuevo término solicitado —que fue denegado— transcurrió sin que se presentara la TPO.

**II**

Me parece desafortunado que una mayoría de esta Curia valide un curso de acción tan severo e inflexible. La resolución del Tribunal de Apelaciones imposibilita que una parte ejerza de manera plena su derecho estatuario a apelar el dictamen del Tribunal de Primera Instancia, además de alejarse de nuestra política de apertura para garantizar mayor

accesibilidad al proceso judicial, incluyendo la etapa apelativa. No coincido con semejante abuso de discreción del foro apelativo intermedio.

La determinación en cuestión da al traste con la política judicial de que los casos se ventilen en sus méritos y se reduzcan al mínimo las desestimaciones. VS PR, LLC v. Drift-Wind, Inc., 207 DPR 253, 264 (2021) ("[E]ste Tribunal ha desarrollado una política pública judicial inclinada a favorecer que los casos se ventilen en los méritos y que se recurra a la desestimación de un pleito con perjuicio excepcionalmente".). Ciertamente, la sanción impuesta es análoga a la desestimación como sanción, pues implica que el foro apelativo intermedio —en este caso— no les dará cabida a planteamientos dirigidos a cuestionar la apreciación de la prueba del foro primario. En tal sentido, nuestra jurisprudencia ha dejado claro que la desestimación como sanción debe ser el último recurso a emplearse, y que se debe propender al uso progresivo de sanciones, es decir, de menor a mayor severidad, para no afectar de plano el reclamo de la parte. Véase: Amaro González v. First Fed. Savs., 132 DPR 1042, 1051-52 (1993).

**III**

En el caso ante nos, el Tribunal de Apelaciones inicialmente demoró **más de un mes** en atender la solicitud de autorización para presentar la TPO. Asimismo, es incuestionable que el paso del Huracán Fiona retrasó varias activades, entre estas, los procesos judiciales y,

presumiblemente, la tarea de preparar la TPO. También abonó al retraso que la representación legal había sufrido un percance de salud, según lo enunció la AEELA en uno de sus escritos. Es menester mencionar, además, que no surge del récord ante nos que la AEELA haya querido dilatar de manera intencionada los procesos o se haya comportado de manera contumaz. Sépase igualmente que, desde que el Tribunal de Apelaciones autorizó la presentación de la TPO hasta la determinación del referido foro de dar por renunciados los señalamientos de error atientes a la apreciación de la prueba de la sala sentenciadora, **transcurrieron menos de 3 meses, término que incluyó el paso de un huracán.** En otras palabras, el tiempo transcurrido entre esas incidencias fue breve y no se puede argüir que AEELA contribuyó a que la tramitación del recurso de retrasara excesivamente.

Con el cuadro anterior, el foro apelativo intermedio debió ejercer de manera comedida sus facultades y no obrar automática e injustamente. Cabe resaltar que el referido foro ni siquiera advirtió a la AEELA que su incumplimiento con presentar la TPO en el tiempo concedido acarrearía, para todos los efectos, la desestimación parcial de su apelación. Este tenía a su haber varios mecanismos menos onerosos y extremos para incentivar el cumplimiento con sus órdenes. Por ejemplo, imponer sanciones económicas y proveer un término final. Desafortunadamente, ello no se contempló.

Por entender que lo ocurrido con la AEELA es una injusticia flagrante que limita sustancialmente a una de las

partes su día en corte ante el Tribunal de Apelaciones, **disiento** del proceder mayoritario de no atender este caso. Hubiese expedido este recurso para revocar al foro inferior, dar paso a que se presentara la transcripción de la prueba oral y que el Tribunal de Apelaciones resolviera el asunto en los méritos.


                                        Maite D. Oronoz Rodríguez
                                             Jueza Presidenta